LOUVENIA HARRIS V. J. H. HOBBS ET AL.

Decided December 9, 1899.

1. **Partnership or Community Interest in Property—Concubine.**

Where a negro woman lived as a concubine with an unmarried white man, serving as his cook and housekeeper and working on his farm without receiving wages, he recognizing her children as his own, this did not entitle her, upon his death, to a community or partnership interest of one-half in the property acquired by him during the time of such relations.

2. **Damages—Wrongful Taking of Property.**

Where, in an action for the alleged wrongful taking of property, no wrongful taking is shown, there can be no recovery for an item of damages alleged as having resulted from such taking.

APPEAL from Lamar. Tried below before Hon. E. D. McCLELLAND.

*J. L. Dickson* and *W. E. Lattimer*, for appellant.

*Moore, Park & Birmingham*, for appellees.

FINLEY, CHIEF JUSTICE.—Louvenia Harris, who is a negro woman, instituted this suit against the heirs, father and half brothers of J. W. Hobbs, deceased, to recover one-half of the property claimed by said heirs to belong to the estate of said J. W. Hobbs, deceased, consisting of personal and real property. She alleged that she owned an undivided half interest in said property, because it was acquired by the joint and partnership labor and expenditure of herself and the deceased. Certain items of the personal property she claimed to own exclusively and in her own separate right. She further alleged that the defendants wrongfully dispossessed her of the property, converted it, and deprived her of its use and rent to her damage of $300, which she also sought to recover. On the trial she was given judgment for the items of property claimed in her separate right, but as to the other property, judgment went in favor of the defendants. From this judgment she has appealed.

1. It is contended that the court erred in not giving appellant judg-

ment for half the property, real and personal, other than that recovered, because the evidence showed that it was acquired by the joint efforts and labor of appellant and deceased. The evidence showed appellant to be a negro woman, and the deceased, Hobbs, to have been a white man. Hobbs was an unmarried man and a farmer. The real estate was in his name. One deed recited a cash consideration paid by him of $1000, while the other recited as consideration $600 cash paid by him and the execution of his note for $220. During the period in which he acquired all the property, Louvenia Harris lived on the place with him, served as his cook, houskeeper, concubine, and sometimes worked in the field. They ostensibly lived in separate houses. She was never married. She had two children when she went to live with Hobbs, and had three children by him, all boys. Her youngest was about 12 years old at the time of the trial. Hobbs treated these children as his, exercised authority over them, worked them on the farm, hired them out, etc. Louvenia Harris and her children were provided for in every way by Hobbs as though they were his wife and children.

Louvenia testified that she and her children did not work for wages nor for any portion of the crops, and there is no evidence that there was any agreement or understanding that she was to share in the ownership of property acquired. For several years during this period, probably nine years, two aunts of Hobbs resided with him and he provided for them. This evidence does not show that there was any such partnership relation between Hobbs and appellant as would make her an equal owner of the property in question. The true analysis of the evidence is, that Louvenia Harris was the concubine of Hobbs during the period in which the property was acquired, and the other offices and labor performed by her were incidental to this illicit relation. It need hardly be said that this relation did not create a partnership or community interest in the property acquired.

2. It is claimed that the court should have given appellant judgment for the value of the services of herself and boys in preparing the land for the crop of 1898. This matter is only alleged as an item of damages flowing from an alleged wrongful taking of the property. There was no wrongful taking of the property, and consequently damages could not be recovered on account of the results of such taking. No other questions are raised for decision.

The judgment is affirmed.

*Affirmed.*